**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

CHARLIE WILBORN                                                                                    PLAINTIFF

V.                                            3:07CV00128 JLH/JTR

WAL-MART, INC., West Memphis Store,
West Memphis, AR, et al.                                                                      DEFENDANTS

**ORDER**

Plaintiff Charlie Wilborn, who is currently being held in the Taccahatchie County Jail in Sumner, Mississippi, has commenced this *pro se*[1] action alleging that Defendants violated his constitutional rights and committed several torts when he was arrested in West Memphis, Arkansas, on June 1, 2007. *See* docket entry #2. For the reasons set forth herein, the Court will direct Plaintiff

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."
   Plaintiff is further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."
   Dismissal pursuant to Local Rule 5.5(c)(2) or Fed. R. Civ. P. 41(b) (providing that a court may *sua sponte* dismiss a case for the "failure of the plaintiff to prosecute or to comply with these rules or any order of the court) may be treated as a dismissal for filing a frivolous action, and thus a "strike," within the meaning of 28 U.S.C. § 1915(g). In contrast, a dismissal pursuant to a motion for voluntary dismissal <u>will not</u> be treated as a strike. Therefore, if at some stage in this litigation, Plaintiff elects not to continue prosecuting this action, he should file a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a).

to file an Application to Proceed *In Forma Pauperis*, and an Amended Complaint.

### I.  Application to Proceed *In Forma Pauperis*

The Prison Litigation Reform Act ("PLRA") provides that a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.  28 U.S.C. § 1915(b)(1).  The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time.  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).  Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims, and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account.  28 U.S.C. § 1915(b)(4).  **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

Plaintiff has filed a handwritten "Financial Affidavit" stating that he wishes to proceed *in forma pauperis*.  *See* docket entry #1.  However, the document filed by Plaintiff does not contain enough financial information to: (1) determine whether he is entitled to proceed *in forma pauperis*; and (2) if so, assess an initial partial filing fee.  *See* 28 U.S.C. § 1915(3)(b)(1) (providing that the initial partial filing fee shall be "20% of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account") (emphasis added).  Accordingly, the Court will direct the Clerk to send Plaintiff an Application to Proceed *In Forma Pauperis*, along

with prison trust fund calculation sheets.[2]

## II. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

As it now stands, portions of Plaintiff's Complaint are too vague to enable the Court to determine whether it is frivolous or fails to state a claim for relief under § 1915A. Accordingly, Plaintiff is directed to file, within thirty days of the entry of this Order, an Amended Complaint that specifies: (1) the status of each of the three criminal charges filed against him regarding the June 1, 2007 incident at Wal-Mart;[3] (2) what personal property was taken from him on June 1, 2007; (3) how the three John Doe Defendants participated in the alleged theft of his personal property; and (4) how each of the named Defendants defamed him.

## III. Conclusion

1. The Clerk is directed to send Plaintiff an Application to Proceed *In Forma Pauperis,* along with prison trust fund calculation sheets.

---

[2] Plaintiff must complete and sign the Application to Proceed *In Forma Pauperis*. In contrast, the prison trust fund calculation sheets must be completed by an authorized official at the incarcerating facility.

[3] Specifically, Plaintiff must specify whether: (1) any of the charges are still pending in state court; (2) any of the charges were dismissed or nolle prossed; and (3) he was convicted of any of the charges and, if so, whether he appealed those convictions. Additionally, Plaintiff should provide the state court case numbers, if he has them.

2. Plaintiff shall, **within thirty days of the entry of this Order**, file his properly and fully complete Application to Proceed *In Forma Pauperis* and prison trust fund calculation sheets.

3. Plaintiff shall, **within thirty days of the entry of this Order,** file an Amended Complaint containing the information specified herein.

4. Plaintiff is reminded (as fully explained in footnote 1 to this Order) that the failure to timely and properly comply with this Order could result in the dismissal of this case, without prejudice, pursuant to Local Rule 5.5(c)(2).

5. Service is not appropriate upon Defendants at this time.

Dated this 19th day of September, 2007.

_____
UNITED STATES MAGISTRATE JUDGE